UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CSAA GENERAL INSURANCE COMPANY,<br><br>                      Plaintiff,<br><br>    v.<br><br>PAUL D'AMBRA,<br><br>                      Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:21-CV-01996-KMW-MJS<br><br>**OPINION & ORDER** |

       This matter comes before the Court by way of the Motion for Default Judgment of CSAA General Insurance Company ("Plaintiff") against Defendant Paul D'Ambra ("Defendant"). For the reasons that follow, Plaintiff's Motion for Default Judgment is denied.

       1)      Plaintiff initiated the instant action seeking a declaratory judgment against Defendant that, pursuant to a homeowners insurance policy it issued to Defendant (the "Policy"), Plaintiff has no obligation to provide him with defense coverage in an underlying state court lawsuit (the "State Court Action"). On or around April 16, 2022,[1] the summons for Defendant—bearing the address 124 Cincinnati Ave., Egg Harbor, New Jersey 08215—was returned executed, with a notation that the summons was delivered to a person named Iris D'Ambra. (ECF No. 7). Defendant did not respond to the Complaint within twenty-one days, as required by Fed. R. Civ. P. 12(a)(1)(A)(i). On June 7, 2022, the Clerk of Court entered default against Defendant for his

---

[1] Although not pertinent to the instant Opinion and Order, the Court notes that the Return of Service—though reflecting an execution date of April 15, 2022—simultaneously indicates that the summons was not delivered until the following day on April 16, 2022. (ECF No. 7).

1

failure to plead or otherwise defend, leading Plaintiff to file the instant Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2).[2]

2) "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Before entering default judgment, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment proper. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015).

3) The Court denies Plaintiff's Motion for Default Judgment for failing to adequately demonstrate proper service and personal jurisdiction over Defendant. "Personal jurisdiction involves valid service of process . . . over a defendant and comporting with due process requirements." *Newman v. Axiom Worldwide*, No. 06-5564, 2010 WL 2265227, at *1 (D.N.J. June 2, 2010). Pursuant to Fed. R. Civ. P. 4(e), an individual may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone … who resides there; or

---

[2] Plaintiff previously attempted to file a Motion for Default Judgment on May 26, 2022 (ECF No. 8), which the Court denied because Plaintiff had failed to first secure an entry of default from the Clerk of Court, as required by Fed. R. Civ. P. 55(b) (ECF No. 9).

2

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

4) Here, although the summons was returned executed and the Clerk entered default judgment against Defendant, it is unclear whether service was properly effectuated. First, neither the Complaint nor the Return of Service demonstrate that the 124 Cincinnati Ave. address is Defendant's "dwelling or usual place of abode." Fed. R. Civ. P. 4(e)(2)(B). Rather, the Complaint only states that "[a]t all times material hereto, Defendant owned a property located" at this address. Compl. ¶ 7. Critically, the Complaint alleges to the contrary that Defendant "resides at 439 Risley Road in Brigantine, NJ 08203,"[3] *id.* ¶ 6, suggesting that the place of purported service was indeed not Defendant's dwelling or usual place of abode.[4] There is likewise no indication that Iris D'Ambra was otherwise authorized to accept service on Defendant's behalf under Fed. R. Civ. P. 4(e)(2)(C).[5]

Therefore,

**IT IS** this **24th** day of **January 2023**, hereby

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 11) is **DENIED**; and it is further

---

[3] This allegation also demonstrates that Plaintiff has failed to plead subject matter jurisdiction. It is an axiomatic hallmark of federal practice that "[a]lleging residency alone is insufficient to plead diversity of citizenship." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018). Here, neither the Complaint (ECF No. 1), Plaintiff's Motion (ECF No. 11), nor Plaintiff's Certification in support of the Clerk's Entry of Default (ECF No. 10) makes any attempt to plead or establish Defendant's citizenship.

[4] Even if this were Defendant's dwelling or usual place of abode, Plaintiff does not even attempt to show that Iris D'Ambra resides there, much less certify that she was, at a bare minimum, "of suitable age and discretion." Fed. R. Civ. P. 4(e)(2)(B).

[5] For these same reasons, the Court is likewise unable to determine whether service was properly effectuated under New Jersey's rules concerning personal service. *See* N.J. Ct. R. 4:4-4(a).

**ORDERED** that Plaintiff may file an Amended Complaint within 14 days from the entry of this Opinion and Order.

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
United States District Judge